RECEIVED

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

2005 NOV 18  A 10: 40

| | |
|---|---|
| ANTHONY NORELLI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -versus- | ) Case No. 2:05CV1109-F |
| | ) |
| SCOTT A. MIDDLEBROOKS, Warden, Federal | ) PETITION FOR WRIT |
| Prison Camp, Montgomery, Alabama, | ) OF HABEAS CORPUS |
| | ) |
| Respondent. | ) |

## I. PRELIMINARY STATEMENT

1.1   By its revocation of his categorical eligibility for reduction of his period of custody pursuant to 18 U.S.C. §3621(e), the Bureau of Prisons (the "BOP") has violated the statutory, equitable and due process rights of Anthony Norelli (the "Petitioner"), a federal prisoner at the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

## II. JURISDICTION

2.1   This Court has jurisdiction in this action pursuant to 28 U.S.C. §2241, because the Petitioner's term in federal custody is being determined in violation of the Constitution and the laws of the United States.

2.2   The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, because this action arises out of the United States Constitution and the laws of the United States, and the Petitioner seeks corrective action by officers and employees of the United States in their official capacity.

2.3   Finally, the Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4), because the Petitioner seeks to redress the deprivation of rights guaranteed by both the United States Constitution and federal statutes.

### III. PARTIES

3.1  The Petitioner is currently confined at the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

3.2  Scott A. Middlebrooks is the Warden of FPC Montgomery and, through the BOP, an agency of the United States Department of Justice, is responsible for the Petitioner's custody and calculation of his term of confinement.

### IV. STATEMENT OF FACTS

4.1  On November 4, 2002, the Honorable Donald L. Graham of the United States District Court for the Southern District of Florida, sentenced the Petitioner to a term of 60 months incarceration and a term of 3 years supervised release following his guilty plea to three counts of filing false income tax returns in violation of 26 U.S.C. §7206 and one count of damage or destruction, by fire or an explosive, of real or personal property used in interstate or foreign commerce in violation of 18 U.S.C. §844(i), in United States v. Norelli, Case No. 02-CR 14014.

4.2  While in custody at the Federal Prison Camp, Eglin, Florida, the Petitioner enrolled in a 500-hour intensive drug and alcohol treatment program ("RDAP") sponsored by the BOP. He successfully completed the program at FPC Montgomery (after his evacuation from FPC Eglin) on or about October 28, 2004 (Exhibit A).

4.3  The Petitioner sought reduction of his period of incarceration pursuant to 18 U.S.C. §3621(e), based upon his participation in the BOP's RDAP, and, on October 25 2003, the BOP determined that he was eligible for a Section 3621(e) reduction (Exhibit B).

4.4 On January 14, 2004, the BOP again reviewed the Petitioner's eligibility for Section 3621(e) early release eligibility, and revoked Petitioner's eligibility, stating "Inmate Norelli was found guilty of 18 U.S.C. §844, which is considered a crime of violence in all cases pursuant to PS 5162.04, Categorization of Offenses, which precludes him from early release consideration under 18:3621(e)." (Exhibit C)

4.5 On March 15, 2004, the Petitioner filed his Request for Administrative Review (BP-9) with the Warden of the Federal Prison Camp, Eglin, Florida. (Exhibit D) In that request, the Petitioner argued that the comments as set forth in Paragraph 4.4 hereof "are, on their own merit, both factually and legally incorrect." While it is true that the Petitioner pled guilty to one violation of 18 U.S.C. §844(i), his Court found that the property destroyed was the Petitioner's <u>own personal property</u> which was <u>located in a building he owned</u>. There were no allegations of insurance fraud or obstruction of justice. Indeed, prior to the Petitioner's receiving camp status, his wife contacted a BOP official responsible for inmate designation in the Southeast Region. After reviewing the Petitioner's file, the BOP designator told the Petitioner's wife that the Petitioner would receive camp status because the BOP recognized that the Petitioner had destroyed his own records and considered the offense non-violent. The BOP designated the Petitioner with camp status within three weeks of his wife's conversation with the BOP, and the Petitioner was transferred to FPC Miami. Nine months thereafter, the BOP transferred the Petitioner to FPC Eglin for its RDAP.

4.6    On March 31, 2004, Petitioner's Request for Administrative Review (B-9) was denied (Exhibit E).

4.7    On April 13, 2004, the Petitioner filed his Regional Administrative Remedy Appeal with the Southeast Regional Director of the BOP (BP-10) (Exhibit F).

4.8    On May 2, 2004, the Petitioner's Regional Administrative Remedy Appeal (BP-10) was denied. (Exhibit G)

4.9    On June 1, 2004, the Petitioner filed his Central Office Administrative Appeal (BP-11) (Exhibit H).

4.10    On Setember 22, 2004, Petitioner's Central Office Administrative Appeal (BP-11) was denied (Exhibit I).

4.11    In September 2004, the BOP tranferred the Petitioner from FPC Egin to FPC Montgomery.

## V.    STATEMENT OF LAW

5.1    This petition is ripe for consideration on the merits because the Petitioner has pursued and exhausted his available administrative remedies. <u>Gonzalez v. United States</u>, 959 F.2d 211 (11th Cir. 1992).

5.2    The Petitioner is eligible under Program Statement 5162.04 §7 and Fed.R.Crim. 32, because his sentencing court did not find that his offense involved the carrying, possession or use of a firearm or other dangerous weapon or destruction by fire or an explosive of real or personal property belonging to another.

5.3    The strict language of 21 CFR §550.58 is dispositive concerning the criteria for early release. Those regulations bar early release for inmates whose offense

(1) has an element of actual attempted or threatened use of physical force **against another** <u>or</u>

(2) presents a serious potential risk of physical force against the person or property **of another.** (emphasis added).

5.4   For purposes of exclusion from early release consideration under §3621(e), PS 5162.02 incorporates the definition of a crime from 18 U.S.C. § 924(c)(3). That latter section defines a crime of violence to mean a felony which

"(A) has an element the use, attempted use, or threatened use of physical force against the person or property **of another** <u>or</u>

(B)  that by its nature, involves a substantial risk that physical force against the person or property **of another** may be used in the course of committing the offense." (emphasis added). Clearly, the provisions concerning violence are inapplicable to the Petitioner, because the property destroyed was his own.

5.5   The BOP is barred under the doctrine of equitable estoppel from revoking the determination that the Petitioner is eligible, because he detrimentally and reasonably relied on the authorized representations of the BOP that he had met all of the requirements of the one-year reduction and was half-way house eligible.

5.6   The conduct of the Respondent and his agents in revoking the Petitioner's eligibility for reduction of his period of custody deprives him of rights conferred by 18 U.S.C. §3621(e) and the due process clause of the Fifth Amendment to the United States Constitution.

5.7  The BOP's reconsideration of the Petitioner's eligibility was arbitrary and capricious. While the BOP has discretion to categorically exclude certain inmates from early release consideration, it cannot apply a new determination to inmates whom the BOP had previously found were eligible for early release. It has been long-held BOP policy that once the BOP notified an inmate of his or her early release, that early release eligibiity is conditioned only upon successful completion of RDAP.

**WHEREFORE,** the Petitioner respectfully requests that this Court:

(1)  grant the writ of habeas corpus;

(2)  order that the Bureau of Prisons deem the Petitioner eligible for reduction of his period of custody based upon his successful completion of the Bureau of Prison's 500-hour drug and alcohol treatment program and grant him a one year reduction from his sentence;

(3)  grant such other relief which the Court deems fair, equitable and necessary.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14th, 2005
       Montgomery, Alabama

_____
Anthony Norelli

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a copy of the within Petition for Writ of Habeas Corpus upon Scott A. Middlebrooks by mailing a true copy of the same, first class postage prepaid, in the mailbox for Legal Mail at FPC Montgomery, addressed to Leura Garrett Canary, U.S. Attorney, Middle District of Alabama, Post Office Box 197, Montgomery, Alabama 36101-0197.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Anthony Norelli