| U.S. Department of Justice | Request For Administrative Remedy |
|---|---|
| Bureau of Prisons | Exhibit D |

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: **Norelli, Anthony          74895-004                    A           FPC-EGLIN**
          LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.            UNIT          INSTITUTION

### Part A—INMATE REQUEST

This is an appeal of the form attachment C, dated 1/14/04 which is entitled "Change in Drug Abuse Program Status Memorandum", issued by David Reince, PhD., Drug Abuse Treatment Coorinator. The form attached as exhibit 1, states in part the following paragraph which has been checked as appropriated:"He /she declined/ has withdrawn/was expelled/failed(circle one)the program checked abuse. He/She was elligible for early release consideration. Please remove his/her §3621e projected release date." Undersigned remains a student in the RDAP program, and has neither withdrawn nor has he declined the program. Undersigned has not been expelled from the program, and has not failed the program. The form does not apply to me or my current status as an RDAP student in good standing. On the rear of Ex.1, the following comments are made as "reasons for expulsion or failure" (neither of which have occured) " Inmate Norelli was found guilty of 18USC § 844, which is considered a crime of violence in all cases pursuant to PS 5162.04

**03/15/04**
DATE                                                         SIGNATURE OF REQUESTOR

### Part B—RESPONSE

_____                    _____
          DATE                                                 WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Part C—RECEIPT
                                                                        CASE NUMBER: _____
                                         Exhibit D
Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                    _____          BP-DIR-9
          DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)          April 1982

Catagorization of offenses, which precludes him from an early release consideration under 18: 3621(e)." Theses comments conflict with the conclusions of Attachment J, dated 10/25/03, and attached hereto as Exhibit 2. These comments are, on their own merit, both factually and legally incorrect. It is true that undersigned has pled guilty to violation of 18 USC § 844(i). Under facts of the case, however, it was determined in court that the property involved was the inmate's own personal property, located in a building which he owns, without any allegations of insurance fraud or any attempt to harm another, and without collateral allegations of obstruction of justice. These are important elements when the Code of Federal Regulations is examined as to the criteria for early release. The strict language of 21 CFR §550.58 is dispositive in my case, and must be obeyed to the letter §a(1)(vi)(A) states that inmates whose current offense is a felony:are noteligible for release: that "has an element, the actual, attempted, or threatened use of physical force against the person or property **of another**, or §a(1)(vi)(C) that by its nature or conduct, presents a serious potential risk of physical force against the person or property **of another**,. This offense was not committed with an explosive material, but with fire itself distinguishing § 844(i) from other more seriously sanctioned sections of §844. It involved the destruction of my personal files which were not the subject at the time of legal process. PS 5162.02 incorporates 18 USC §924(c)(3)'s definition of a crime of violence for purposes of exclusion of early release consideration under§3621(e). It states as follows: " The term "Crime of violence" means an offense that is a fellony and: (A) has as an element the use, attempted use, or threatened use of physical force against the person or property **of another**, or (B)that by its nature, involves a substantial risk that physical force against the person or property **of another** may be used in the couse of committing the offense." This is the B.O.P's stated requirement, containing language which illustrates that my offense conduct does not fall under the proscribed definitional conduct of the Program Statement. Furthermore, consider the Bureau of Prisons regional designator's finding that the act of arson was intended for the destruction of documents only, with no possibility of personal injury. The B.O.P.'s decision to grant camp status further reinforces the non-niolent nature of my specific act. Based on this finding I transferred to FPC-Eglin specifically to participate in the RDAP program.

In short, I am appealing the wrongful use of an incorrect form for the change in my ¶3621(e) early release status, and the misapplication of language provided by 28CFR §550.58 to my case and hereby request a reaffirmation of the regions prior designation as a non violent offender.

*Exhibit D (continued)*

E-South (Housed in C)
Exhibit D (continued)

## NOTICE OF RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION AND PROVISIONAL § 3621(e) ELIGIBILITY

TO: Norelli, Anthony            REG NO: 74895-004

FROM: Dr. Reince                 INSTITUTION: FPC EGLIN

TITLE: Drug Abuse Program Coordinator    DATE: 10-25-03

### SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES THAT YOU **DO** / ~~DO NOT~~ MEET THE ADMISSION'S CRITERIA FOR THE RESIDENTIAL DRUG ABUSE PROGRAM. IT APPEARS THAT YOU **DO** / ~~DO NOT~~ QUALIFY TO PARTICIPATE IN THE RESIDENTIAL PROGRAM. (IF THE INMATE IS FOUND TO NOT QUALIFY, STATE THE REASON(S) BELOW).

Comments: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Exhibit D
(continued)

SECTION 2 - PROVISIONAL § 3621(E) ELIGIBILITY - TO BE COMPLETED ONLY IF THE INMATE HAS COMPLETED OR QUALIFIES FOR THE RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.

FOR RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM GRADUATES TO BE ELIGIBLE FOR EARLY RELEASE, THEY MUST (DAPC must initial):

- _(initialed)_ NOT BE AN INS DETAINEE.

- _(initialed)_ NOT BE A PRE-TRIAL INMATE.

- _(initialed)_ NOT BE A CONTRACTUAL BOARDER.

- _(initialed)_ NOT BE AN "OLD LAW" INMATE.

* - _(initialed)_ NOT HAVE A CURRENT CRIME THAT IS AN EXCLUDING OFFENSE IN BOP CATEGORIZATION OF OFFENSES POLICY (Mark an 'X' in the appropriate block below).

- _(initialed)_ NOT A CRIME OF VIOLENCE AS CONTAINED IN BOP CATEGORIZATION OF OFFENSES POLICY.

- _(initialed)_ NOT AN EXCLUDING CRIME BY THE DIRECTOR'S DISCRETION IN CATEGORIZATION OF OFFENSES POLICY

- _(initialed)_ NOT HAVE ANY PRIOR FELONY OR MISDEMEANOR ADULT CONVICTION FOR HOMICIDE, FORCIBLE RAPE, ROBBERY, AGGRAVATED ASSAULT, OR SEXUAL ABUSE OF CHILDREN.

- _(initialed)_ UNDERSTAND THAT NEARING THE TIME OF YOUR RELEASE, THE WARDEN WILL DETERMINE IF YOU ARE ELIGIBLE FOR TRANSFER TO A COMMUNITY-BASED PROGRAM. IF YOU ARE NOT ELIGIBLE, YOU CANNOT COMPLETE THE COMMUNITY TRANSITIONAL SERVICES PORTION OF THE DRUG PROGRAM, AND THEREFORE, YOU MAY NOT RECEIVE A § 3621 (e) RELEASE.

MY CURRENT ASSESSMENT, IN CONSULTATION WITH YOUR UNIT TEAM, IS THAT IT (DOES) / ~~DOES NOT~~ APPEAR THAT YOU ARE PROVISIONALLY ELIGIBLE FOR AN EARLY RELEASE. IF NOT, LIST ALL THE REASON(S):

Comments: _____

_____

IF APPLICABLE, I UNDERSTAND THAT A DETERMINATION OF EARLY RELEASE FOR ME IS PROVISIONAL, MAY CHANGE, AND DEPENDS ON CONTINUED POSITIVE BEHAVIOR AND SUCCESSFUL PARTICIPATION IN ALL COMPONENTS OF THE PROGRAM, INCLUDING COMMUNITY TRANSITIONAL SERVICES.    *
INMATE'S SIGNATURE _(signature)_
(indicate if refused to sign)

cc: Drug Abuse Treatment File
    Unit Team (place in section 4 of inmate central file)

Exhibit D
(continued)

P.S. 5330.10
May 25, 1995
Attachment C, Page 1

## CHANGE IN DRUG ABUSE TREATMENT PROGRAM STATUS MEMORANDUM

### UNITED STATES GOVERNMENT MEMORANDUM

DATE: 1/19/04

REPLY TO
ATTN OF: David A. Reince, Ph.D
         Drug Abuse Treatment Coordinator

SUBJECT: CHANGE IN DRUG ABUSE TREATMENT PROGRAM STATUS

TO: Rudy Troutman , North      and
    UNIT MANAGER     UNIT

TO: Pat Liotti                    In cases of early release
    ISM                           eligibility

Anthony Norelli            , 74895-004
    INMATE                        REGISTER #

previously agreed to, or is required to participate in:

___ Drug Education
___ Non-Residential Drug Abuse Treatment
_✓_ Residential Drug Abuse Treatment
___ Transitional Services
___ Other:_____

Please note the following change in his/her program status:

___ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked above. His/her participation in the program was voluntary.

___ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked above. Program participation is mandatory for him/her. Please enforce the appropriate sanctions.

_✓_ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked abuse. HE/SHE WAS ELIGIBLE FOR EARLY RELEASE CONSIDERATION. Please remove his/her § 3621E projected release date. See back

Exhibit D
(continued)

P.S. 5330.10
May 25, 1995
Attachment C, Page 2

I have discussed this issue with the inmate and I have made the appropriate SENTRY changes.

COMMENTS: (INCLUDE REASONS FOR EXPULSION OR FAILURE)

Inmate Abretti was found guilty of 18 USC 844, which is considered a Crime of Violence in all cases pursuant to PS 5162.04, Categorization of offenses, which precludes him from early release consideration under 18:3621(e).

_____     1/13/04
Inmate Signature                    Date

original:   Unit Team
copies:     Inmate
            Drug Abuse Treatment Coordinator