U.S. Department of Justice  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

*Exhibit F*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Norelli, Anthony__   __74895-004__   __A__   __FPC-EGLIN__
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

This is an appeal of a decision made by Warden Donald F. Bauknecht in case no. 328448-f1, dated 3/31/04 (the decision), attached hereto and incorporated by reference herein. The decision failed to address the two (2) issues raised in my Request for Administrative Remedy (BP-9) dated 3/15/04 disputing his denial of my request for a one year sentence reduction pursuant to 18USC §3621(e), attached. The form attached as exhibit 1, states in part the following paragraph which has been checked as appropriated: "He/she declined/has withdrawn/was expelled/failed (circle one) the program checked abuse. He/she was eligible for early release consideration. Please remove his/her §3621(e) projected release date." Undersigned remains a student in the RDAP program, and has neither withdrawn nor has he declined the program. Undersigned has not been expelled from the program, and has not failed the program. The form does not apply to me or my current status as an RDAP student in good standing. On the rear of ex. 1, the following comments are made as "reasons for expulsion or failure" (neither of which have occurred) "Inmate Norelli was found guilty of 18USC §844, which is considered a crime of violence in all cases pursuant to PS 5162.04.

DATE: Apr 13, 2004                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: _____

**Part C—RECEIPT**

*Exhibit F*

CASE NUMBER: _____

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)  
APRIL 1982

Categorization of offenses, which precludes him from an early release consideration under 18: 3621(e)." These comments conflict with the conclusions of Attachment J, dated 10/25/03, and attached hereto as Exhibit 2. These comments are, on their own merit, both factually and legally incorrect.

It is true that undersigned has pled guilty to violation of 18USC § 844(i). Under facts of the case, however, it was determined in court that the property involved was the inmate's own personal property, located in a building which he owns, without any allegations of insurance fraud or any attempt to harm another, and without collateral allegations of obstruction of justice. These are important elements when the Code of Federal Regulations is examined as to the criteria for early release. The strict language of 21 CFR §550.58 is dispositive in my case, and must be obeyed to letter. §a(1)(vi)(A) states that inmates whose current offense is a felony: are not eligible for release: that "has an element, the actual, attempted, or threatened use of physical force against the person or property **of another**, or §a(1)(vi)(C) that by its nature or conduct, presents a serious potential risk of physical force against the person or property **of another**." This offense was not committed with an explosive material, but with fire itself distinguishing § 844(i) from other more seriously sanctioned section of § 844. It involved the destruction of my personal files which were not the subject at the time of legal process. PS 5162.02 incorporated 18USC §924(c)(3)'s definition of a crime of violence for purposes of exclusion of early release consideration under §3621(e). It states as follows: "The term "Crime of Violence" means an offense that is a felony and: (A) has as an element the use, attempted use, or threatened use of physical force against the person or property **of another**, or (B) that by its nature, involves a substantial risk that physical force against the person or property **of another** may be used in the course of committing the offense." This is the B.O.P.'s stated requirement, containing language which illustrates that my offense conduct does not fall under the proscribed definitional conduct of the Program Statement. Furthermore, consider the Bureau of Prisons regional designator's finding that the act of arson was intended for the destruction of documents only, with no possibility of personal injury. The B.O.P.'s decision to grant camp status further reinforces the nonviolent nature of my specific act. Based on this finding I was permitted to transfer to FPC Eglin from FPC Miami by my unit team, who were mindful of my §844(i) conviction and its background, specifically to participate in the RDAP program.

In short, I am appealing the wrongful use of an incorrect form for the change in my §3621(e) early release status, and the misapplication of language provided by 28CFR §550.58 to my case and hereby request a reaffirmation of the region's prior designation as a non violent offender.

Exhibit F

*Exhibit F (continued)*

## NOTICE OF RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION AND PROVISIONAL § 3621(e) ELIGIBILITY

TO: Norelli, Anthony          REG NO: 74895-004

FROM: Dr. Reince              INSTITUTION: **FPC EGLIN D**

TITLE: Drug Abuse Program Coordinator    DATE: 10-25-03

### SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES THAT YOU (DO)/DO NOT MEET THE ADMISSION'S CRITERIA FOR THE RESIDENTIAL DRUG ABUSE PROGRAM. IT APPEARS THAT YOU (DO)/DO NOT QUALIFY TO PARTICIPATE IN THE RESIDENTIAL PROGRAM. (IF THE INMATE IS FOUND TO NOT QUALIFY, STATE THE REASON(S) BELOW).

Comments: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Exhibit F (continued)*

**SECTION 2 - PROVISIONAL § 3621(E) ELIGIBILITY** - TO BE COMPLETED ONLY IF THE INMATE HAS COMPLETED OR QUALIFIES FOR THE RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.

FOR RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM GRADUATES TO BE ELIGIBLE FOR EARLY RELEASE, THEY MUST (DAPC must initial):

- _[initialed]_ NOT BE AN INS DETAINEE.

- _[initialed]_ NOT BE A PRE-TRIAL INMATE.

- _[initialed]_ NOT BE A CONTRACTUAL BOARDER.

- _[initialed]_ NOT BE AN "OLD LAW" INMATE.

- _[initialed]_ NOT HAVE A CURRENT CRIME THAT IS AN EXCLUDING OFFENSE IN BOP CATEGORIZATION OF OFFENSES POLICY (Mark an 'X' in the appropriate block below).

- _[initialed]_ NOT A CRIME OF VIOLENCE AS CONTAINED IN BOP
        CATEGORIZATION OF OFFENSES POLICY.

- _[initialed]_ NOT AN EXCLUDING CRIME BY THE DIRECTOR'S DISCRETION IN CATEGORIZATION OF OFFENSES POLICY

- _[initialed]_ NOT HAVE ANY PRIOR FELONY OR MISDEMEANOR ADULT CONVICTION FOR HOMICIDE, FORCIBLE RAPE, ROBBERY, AGGRAVATED ASSAULT, OR SEXUAL ABUSE OF CHILDREN.

- _[initialed]_ UNDERSTAND THAT NEARING THE TIME OF YOUR RELEASE, THE WARDEN WILL DETERMINE IF YOU ARE ELIGIBLE FOR TRANSFER TO A COMMUNITY-BASED PROGRAM. IF YOU ARE NOT ELIGIBLE, YOU CANNOT COMPLETE THE COMMUNITY TRANSITIONAL SERVICES PORTION OF THE DRUG PROGRAM, AND THEREFORE, YOU MAY NOT RECEIVE A § 3621 (e) RELEASE.

MY CURRENT ASSESSMENT, IN CONSULTATION WITH YOUR UNIT TEAM, IS THAT IT _(DOES)_ / ~~DOES NOT~~ APPEAR THAT YOU ARE PROVISIONALLY ELIGIBLE FOR AN EARLY RELEASE. IF NOT, LIST **ALL** THE REASON(S):

Comments: _____
_____

IF APPLICABLE, I UNDERSTAND THAT A DETERMINATION OF EARLY RELEASE FOR ME IS <u>PROVISIONAL, MAY CHANGE</u>, AND DEPENDS ON CONTINUED POSITIVE BEHAVIOR AND SUCCESSFUL PARTICIPATION IN ALL COMPONENTS OF THE PROGRAM, INCLUDING COMMUNITY TRANSITIONAL SERVICES.
INMATE'S SIGNATURE _[signature]_
(indicate if refused to sign)

cc: Drug Abuse Treatment File
    Unit Team (place in section 4 of inmate central file)

*Exhibit F*
*(continued)*

P.S. 5330.10
May 25, 1995
Attachment C, Page 1

**CHANGE IN DRUG ABUSE TREATMENT PROGRAM STATUS MEMORANDUM**

**UNITED STATES GOVERNMENT MEMORANDUM**

DATE: 1/19/04

REPLY TO
ATTN OF: David A. Reince, Ph.D.
_____Drug Abuse Treatment Coordinator_____

SUBJECT: CHANGE IN DRUG ABUSE TREATMENT PROGRAM STATUS

TO: Rudy Troutman , North and
    UNIT MANAGER            UNIT

TO: Pat Liotti               in cases of early release
    ISM                      eligibility

Anthony Norelli , 74895-004
INMATE            REGISTER #

previously agreed to, or is required to participate in:

  ___ Drug Education
  ___ Non-Residential Drug Abuse Treatment
  ✓  Residential Drug Abuse Treatment
  ___ Transitional Services
  ___ Other:_____

Please note the following change in his/her program status:

  ___ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked above. His/her participation in the program was voluntary.

  ___ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked above. Program participation is mandatory for him/her. Please enforce the appropriate sanctions.

  ✓  He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked abuse. HE/SHE WAS ELIGIBLE FOR EARLY RELEASE CONSIDERATION. Please remove his/her § 3621E projected release date. *See back*

*Exhibit F*
*(continued)*

P.S. 5330.10
May 25, 1995
Attachment C, Page 2

I have discussed this issue with the inmate and I have made the appropriate SENTRY changes.

COMMENTS: (INCLUDE REASONS FOR EXPULSION OR FAILURE)

Inmate Abrelli was found guilty of 18 USC 844, which is considered a Crime of Violence in all cases pursuant to PS 5162.04, Categorization of Offenses, which precludes him from early release consideration under 18: 3621(e).

_____         1/15/04
Inmate Signature                         Date

original:   Unit Team
copies:     Inmate
            Drug Abuse Treatment Coordinator