U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

*Exhibit H*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Norelli, Anthony     74895-004     A     FPC-EGLIN
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

This is an appeal of the decision made by the Bureau of Prisons Regional Administration in case #328448-f1, Dated 5/02/04, attached hereto and incorporated by reference herin. The decision failed to address the tw0 (2) issues raised in my request for administrative remedy BP-10 dated 4/13/04 disputing the denial of my request for a one year sentence reduction pursuant to 18USC §3621(e), attached. The form attached as exhibit 1, states in part the following paragraph which has been checked as appropriated: "he/She declined/has withdrawn/was expelled failed (circle one) the program checked abuse. He/She was elligible for early release consideration. Please remove His/Her §3621(e) projected release date. " Undersigned remains a student in the RDAP Program, and has neither withdrawn nor has he declined the program. Undersigned has not been expelled from the program, and has not failed the program. The form does not apply to me or my current status as an RDAP student in good standing. On the rear of Ex.1, the following comments are made as "reasons for expulsion or failure"(neither of which have occurred) "Inmate Norelli was found guilty of 18USC §844, which is considered a crime of violence in all cases pursuant to PS 5162.04.

6/1/04
DATE                               SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

DATE                                 GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C—RECEIPT**        *Exhibit H*       CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

DATE             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)
                                                               APRIL 1982

USP LVN

Exhibit H

Catagorization of offenses, which precludes him from an early release consideration under 18: 3621(e)." Theses comments conflict with the conclusions of Attachment J, dated 10/25/03, and attached hereto as Exhibit 2. These comments are, on their own merit, both factually and legally incorrect. It is true that undersigned has pled guilty to violation of 18 USC § 844(i). Under facts of the case, however,it was determined in court that the property involved was the inmate's own personal property, located in a building which he owns, without any allegations of insurance fraud or any attempt to harm another, and without collateral allegations of obstruction of justice. These are important elements when the Code of Federal Regulations is examined as to the criteria for early release. The strict language of 21 CFR §550.58 is dispositive in my case, and must be obeyed to the letter §a(1)(vi)(A) states that inmates whose current offense is a felony:are noteligible for release: that "has an element, the actual, attempted, or threatened use of physical force against the person or property **of another**, or §a(1)(vi)(C) that by its nature or conduct, presents a serious potential risk of physical force against the person or property **of another**,. This offense was not committed with an explosive material, but with fire itself distinguishing § 844(i) from other more seriously sanctioned sections of §844. It involved the destruction of my personal files which were not the subject at the time of legal process. PS 5162.02 incorporates 18 USC §924(c)(3)'s definition of a crime of violence for purposes of exclusion of early release consideration under§3621(e). It states as follows: " The term "Crime of violence" means an offense that is a fellony and: (A) has as an element the use, attempted use, or threatened use of physical force against the person or property **of another**, or (B)that by its nature, involves a substantial risk that physical force against the person or property **of another** may be used in the couse of committing the offense." This is the B.O.P's stated requirement, containing language which illustrates that my offense conduct does not fall under the proscribed definitional conduct of the Program Statement. Furthermore, consider the Bureau of Prisons regional designator's finding that the act of arson was intended for the destruction of documents only, with no possibility of personal injury. The B.O.P.'s decision to grant camp status further reinforces the non-niolent nature of my specific act. Based on this finding I transferred to FPC-Eglin specifically to participate in the RDAP program.
In short, I am appealing the wrongful use of an incorrect form for the change in my ¶3621(e) early release status, and the misapplication of language provided by 28CFR §550.58 to my case and hereby request a reaffirmation of the regions prior designation as a non violent offender.

Exhibit H

*E - South (Housed in C)*

## NOTICE OF RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION AND PROVISIONAL § 3621(e) ELIGIBILITY

TO: __Norelli, Anthony__   REG NO: __74895 - 004__

FROM: __Dr. Reince__   INSTITUTION: __FPC EGLIN__

TITLE: __Drug Abuse Program Coordinator__   DATE: __10 - 25 - 03__

## SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.  MY REVIEW OF YOUR CASE INDICATES THAT YOU DO/DO NOT MEET THE ADMISSION'S CRITERIA FOR THE RESIDENTIAL DRUG ABUSE PROGRAM.  IT APPEARS THAT YOU DO/DO NOT QUALIFY TO PARTICIPATE IN THE RESIDENTIAL PROGRAM.  (IF THE INMATE IS FOUND TO NOT QUALIFY, STATE THE REASON(S) BELOW).

Comments: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Exhibit H
(continued)*

CN-03 October 09, 1997
Attachment J, Page 2

SECTION 2 - PROVISIONAL § 3621(E) ELIGIBILITY - TO BE COMPLETED ONLY IF THE INMATE HAS COMPLETED OR QUALIFIES FOR THE RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM.

FOR RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM GRADUATES TO BE ELIGIBLE FOR EARLY RELEASE, THEY MUST (DAPC must initial):

NOT BE AN INS DETAINEE.

NOT BE A PRE-TRIAL INMATE.

NOT BE A CONTRACTUAL BOARDER.

NOT BE AN "OLD LAW" INMATE.

NOT HAVE A CURRENT CRIME THAT IS AN EXCLUDING OFFENSE IN BOP CATEGORIZATION OF OFFENSES POLICY (Mark an 'X' in the appropriate block below).

NOT A CRIME OF VIOLENCE AS CONTAINED IN BOP CATEGORIZATION OF OFFENSES POLICY.

NOT AN EXCLUDING CRIME BY THE DIRECTOR'S DISCRETION IN CATEGORIZATION OF OFFENSES POLICY

NOT HAVE ANY PRIOR FELONY OR MISDEMEANOR ADULT CONVICTION FOR HOMICIDE, FORCIBLE RAPE, ROBBERY, AGGRAVATED ASSAULT, OR SEXUAL ABUSE OF CHILDREN.

UNDERSTAND THAT NEARING THE TIME OF YOUR RELEASE, THE WARDEN WILL DETERMINE IF YOU ARE ELIGIBLE FOR TRANSFER TO A COMMUNITY-BASED PROGRAM. IF YOU ARE NOT ELIGIBLE, YOU CANNOT COMPLETE THE COMMUNITY TRANSITIONAL SERVICES PORTION OF THE DRUG PROGRAM, AND THEREFORE, YOU MAY NOT RECEIVE A § 3621 (e) RELEASE.

MY CURRENT ASSESSMENT, IN CONSULTATION WITH YOUR UNIT TEAM, IS THAT IT (DOES) / ~~DOES NOT~~ APPEAR THAT YOU ARE PROVISIONALLY ELIGIBLE FOR AN EARLY RELEASE. IF NOT, LIST ALL THE REASON(S):

Comments: _____

_____

IF APPLICABLE, I UNDERSTAND THAT A DETERMINATION OF EARLY RELEASE FOR ME IS PROVISIONAL, MAY CHANGE, AND DEPENDS ON CONTINUED POSITIVE BEHAVIOR AND SUCCESSFUL PARTICIPATION IN ALL COMPONENTS OF THE PROGRAM, INCLUDING COMMUNITY TRANSITIONAL SERVICES. *
INMATE'S SIGNATURE _____
(indicate if refused to sign)

cc: Drug Abuse Treatment File
    Unit Team (place in section 4 of inmate central file)

*Exhibit H*
*(continued)*

P.S. 5330.10
May 25, 1995
Attachment C, Page 1

## CHANGE IN DRUG ABUSE TREATMENT PROGRAM STATUS MEMORANDUM

### UNITED STATES GOVERNMENT MEMORANDUM

**DATE:** _1/14/04_

**REPLY TO ATTN OF:** _David A. Reince, Ph.D._
Drug Abuse Treatment Coordinator

**SUBJECT:** CHANGE IN DRUG ABUSE TREATMENT PROGRAM STATUS

**TO:** _Rudy Troutman_ , _North_ and
UNIT MANAGER          UNIT

**TO:** _Pat Liotti_ in cases of early release
ISM          eligibility

_Anthony Norelli_ , _74895-004_
INMATE          REGISTER #

**previously agreed to, or is required to participate in:**

___ Drug Education
___ Non-Residential Drug Abuse Treatment
_✓_ Residential Drug Abuse Treatment
___ Transitional Services
___ Other:_____

**Please note the following change in his/her program status:**

___ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked above.  His/her participation in the program was voluntary.

___ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked above.  Program participation is mandatory for him/her. Please enforce the appropriate sanctions.

_✓_ He/she **declined/has withdrawn/was expelled/failed** (circle one) the program checked abuse.  HE/SHE WAS ELIGIBLE FOR EARLY RELEASE CONSIDERATION.  Please remove his/her § 3621E projected release date.  _See back_

*Exhibit H*
*(continued)*

P.S. 5330.10
May 25, 1995
Attachment C, Page 2

**I have discussed this issue with the inmate and I have made the appropriate SENTRY changes.**

**COMMENTS: (INCLUDE REASONS FOR EXPULSION OR FAILURE)**

Inmate Abrelli was found guilty of 18 USC 844, which is considered a Crime of Violence in all cases pursuant to PS 5162.04, Categorization of offenses, which precludes him from early release consideration under 18: 3621(e).

_____        _____
Inmate Signature                        Date  1/15/04

original:    Unit Team
copies:      Inmate
             Drug Abuse Treatment Coordinator