IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY NORELLI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:05-cv-1109-F |
| ) | |
| SCOTT MIDDLEBROOKS, ) | |
| WARDEN ) | |
| ) | |
| Respondent. ) | |

**RESPONSE TO PETITION FILED PURSUANT TO TITLE 28,
UNITED STATES CODE, SECTION 2241**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, responds to the petition filed pursuant to 28 U.S.C. § 2241.

**I.  Petition**

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241, claiming the BOP is denying him early release pursuant to 3621(e) due to his conviction for the offense of Arson.

As the petitioner is proceeding pro-se in this action his pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers. Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th Cir.1991).  The habeas corpus petition is due to be denied.

## II.  Parties

### A)    *Petitioner*

The pro se petitioner, Anthony Norelli, federal register number 74895-004, currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, (FPC Montgomery).  (**Attachment 1** - Public Information Inmate Data form).  The petitioner is serving a concurrent 60 month sentence (with 3 years supervised release to follow) for Attempting to Destroy by Fire and Explosive Materials a Building Used in Interstate and Foreign Commerce and Filing a False Tax Return in violation of Title 18 U.S.C. § 844 and 26 U.S.C. § 7206(1).  (**Attachment 1, and Attachment 2 -** Judgment and Commitment order for Case no. 02-14014-CR)  The petitioner has a projected release date of August 18, 2006, via good conduct time release.  (**Attachment 1, at 5.**)

### B)    *Respondent*

The petitioner has named Scott Middlebrooks, Warden FPC Montgomery, as Respondents in this matter.  The proper Respondent in federal habeas cases is the custodian of the petitioner.  See 28 U.S.C. 2242; Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (2004).  The Warden is the proper respondent.

## III.  Subject Matter Jurisdiction

The petitioner brings this action pursuant to 28 U.S.C. § 2241.  Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of

habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). The court has subject matter jurisdiction.

## IV. Venue

Venue in a Habeas Corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained. A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody. Hajduk v. U.S., 764 F.2d 795 (11th Cir. 1985). Venue is appropriate.

## V. Service of Process

Service of process for a Habeas Corpus Petition is governed by 28 U.S.C. § 2243, "The Writ or Order To Show Cause shall be directed to the person having custody of the person detained." Records reflect the Warden was served on December 19. 2005.

## VI. Complaint

The petitioner claims he should not be denied the benefit of a 3621(e) sentence reduction because of his arson conviction. The entire basis of the petitioner's claim is that since he owned the building where the arson occurred, the arson should not be considered a crime of violence. The petitioner further alleges that since staff told him he was eligible, they can not now reverse their determination.

**VII.  Facts**

The petitioner was convicted of Attempting to Destroy by Fire and Explosive Materials a Building Used in Interstate and Foreign Commerce, Title 18 U.S.C. § 844 (i). As part of his sentence, the court recommended the petitioner participate in the RDAP program.  (**Attachment 2** - page 2).

Regarding his 3621(e) eligibility, a determination the petitioner was initially advised by staff at the Federal Prison Camp in Eglin, Florida (FPC Eglin), that his instant offense was not a crime that excluded him from early release under 18 U.S.C. § 3621(e).  (**Attachment 3** - Notification of Instant Offense Determination).  The petitioner was further advised on October 23, 2003, that his 3621(e) eligibility was **provisional.**  See Petitioner's Exhibit B**.**  On January 14, 2004, the petitioner withdrew from the RDAP program because he was advised that he was not eligible for 3621(e) release as his 18 USC § 844(i) conviction was considered a crime of violence.  (See **Attachment 4** - Change in Drug Abuse Treatment Program Status Memorandum, Attachment C, dated January 14, 2004).  The petitioner subsequently re-entered RDAP and completed 450 hours in RDAP prior to being transferred to FPC Montgomery on September 13, 2004.

Upon his arrival to FPC Montgomery, the petitioner was placed back into RDAP effective October 8, 2004.  (**Attachment 5** - Change in Drug Abuse Status, dated October 7, 2004).  As the petitioner states, he completed RDAP on October 29, 2004.  He was

advised again that he was not eligible for 3621(e) release because his conviction under 18 U.S.C. § 844(i) was considered a crime of violence as contained in the Categorization of Offenses Program Statement. (See **Attachment 5** - Request For Unit Team Determination (Instant Offense) dated November 22, 2004).

The crux of the petitioner's argument is that his offense is not a crime of violence because the building he caused to be burned down is his "own personal property". Petition at page 3. However, according to the PSI, while the petitioner has an interest in the company he was trying to put out of business, the building was owned by his father-in-law.

The petitioner has exhausted his Administrative Remedies regarding this issue.

## IX. Arguments and Citations of Authority

### A) BOP Regulations and Program Statement

Pursuant to the Violent Crime Control & Law Enforcement Act of 1994 (VCCLEA), Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance abuse addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to participate in a substance abuse or addiction program, Congress gave the BOP the discretion to reduce the sentence of an inmate by up to 12 months where the inmate was convicted of a nonviolent offense(s) and completed a residential drug treatment program during his current commitment. 18 U.S.C. § 3621(e)(2)(B).

Section 2 of Program Statement 5162.04, Categorization of Offenses (PS 5162.04), provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified by at the discretion of the Director of the Bureau of Prisons." According to section 6 (a) of PS 5162.04, certain offenses are crimes of violence in all cases.

> Some Bureau policies or programs require a determination that an inmate committed a crime of violence...Other policies or programs such as early release pursuant to 18 U.S.C. § 3621(e), indicate that an inmate could be denied the benefits of such programs if he or she was convicted of an offense listed in either section 6 or 7.
>
> Any conviction for an offense listed below is categorized as a crime of violence.
>
> Title 18, United States Code Sections    844 penalties

PS 5162.04, section 6(a), pages 3-4. (**Attachment 6**).

The sections of the program statement the petitioner alludes to in his arguments, are not applicable here. Section 7 of the program statement speaks to offenses that at the director's discretion shall preclude an inmate's receiving certain program benefits. In this section, if the offense is a felony that "has an element, the actual attempted, or threatened use of physical force against the property of another..."

As indicated above, section 7 does not pertain to the petitioner's offense as the petitioner's offense is a crime of violence in all instances. It does not matter whether the property belonged to the inmate or another person. Thus, it makes not difference whether the petitioner owned the commercial building he caused to be burned down. The arson

conviction is still clearly considered a crime of violence and he is ineligible for the year off his sentence.

### B)   *The BOP Is Not Estopped From Correctly Applying BOP Policy*

The petitioner further argues the BOP is barred under the doctrine of equitable estoppel from revoking a determination that he was eligible for early release because he detrimentally and reasonably relied on these representations.  The petitioner does not provide any legal authority for this position, and the argument is due to fail.

Equitable estoppel is grounded on notions of fair dealing and good conscience and is designed to aid the law in administration of justice where, without its aid, injustice might result.  The traditional elements of equitable estoppel are: 1) a representation of fact by one party contrary to a later asserted position; 2) good-faith reliance by another party on that representation; and 3) a detrimental change in position by the latter party due to that reliance.  Marine Trans. Services Sea Barge-Group, Inc. v. Python High Performance Marine Corp., 16 F.3d 1133, 1139 (11th Cir. 1994).

The federal government, however, is rarely subject to such an estoppel.  The general rule is that the federal government may not be equitably estopped from enforcing public laws, even though private parties may suffer hardship as a result.  See INS v. Hibli, 414 U.S. 5, 8 (1973)("It is well settled that the Government is not in a position identical to that of a private litigant with respect to its enforcement of the laws enacted by Congress"); INS v. Miranda, 459 U.S. 14, (1982)(INS held not estopped from denying

application for permanent resident alien status because of its delay in failing to process application); Heckler v. Community Health Services, 467 U.S., 51, (1984)(government held not estopped from recovering Medicare overpayments even though recipient relied on express authorization of government agent in making expenditures); Schweiker v. Hansen, 450 U.S. 785 (1981)(SSA employee's erroneous statement that woman was ineligible for benefits and failure to advise her to apply for them held not to estopped SSA from denying retroactive benefits.)

    To make out a claim for estoppel against the government, a litigant must prove: 1) words, conduct or acquiescence that induces reliance; 2) wilfulness or negligence with regard to the acts, conduct, or acquiescence; 3) detrimental reliance; and (4) affirmative misconduct by the government.  U.S. v. McCorkle 321 F.3d 1292, 1297 (11th Cir. 2003). The Eleventh Circuit has emphasized, "Government inaction does not give rise to an estoppel claim; the Government must engage in affirmative misconduct." Id.  See also Tefel v. Reno, 180 F.3d 1286, 1303 (11th Cir. 1999)( to prove an estoppel against the Government, there must be affirmative misconduct proven, in addition to the traditional elements of estoppel.)

    In the Eleventh Circuit, consistent with the estoppel principles explained above, it is not sufficient to prove official conduct that merely demonstrates a lack of eager pursuit or even arguable lack of interest.  Rather, the inmate must serve his sentence unless the government's action is "so affirmatively wrong or its inaction so grossly negligent that it

would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." Mobley v. Dugger, 823 F.2d 1495, 1497 (11th Cir. 1987), quoting Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973).  In Mobley, there had been a seven-year delay between affirmation of the defendant's conviction and his incarceration, which was at least partially attributable to his failure to comply with the terms of his supersedeas bond, and which did not violate his due process rights.  There is also precedential case law from the Fifth Circuit that in a highly egregious case the inmate will be afforded relief.  For example, in Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967[1]), an inmate was sentenced to 40 years in one state, then extradited to serve a sentence in another state with the first state failing to file a detainer.  This resulted in a **28-year** delay in commencement of sentence in the first state.  The delay was held to be equivalent to commutation or pardon. These precedential cases are illustrative of the extreme circumstances which must be present in order for such claim to be recognized in this circuit.  Nothing so extreme appears from the circumstances here.

In this case, the petitioner cannot meet his burden to show any of these elements. The court recommended the petitioner complete the RDAP program.  Neither the court nor the BOP induced the petitioner to enter the program for the sole benefit of receiving up to one year off his sentence.  The petitioner can not show determination that he was

---

[1] Decisions of the former 5th Circuit decided by September 30, 1981, are binding precedent in the 11th Circuit. Bonner v. City of Pritchard, Ala., 661 F.2d 1206 (11th Cir. 1981).

eligible for 3621(e) early release was nothing more than a mistake.  The petitioner clearly was advised of the mistake regarding his eligibility for early release prior to completing the program and he choose to re-enter and complete the program.

### C)   *The BOP's Construction and Interpretation of the Statute is Reasonable*

Inasmuch as the petitioner's claims the BOP abused its discretion in denying him consideration for early release because the regulations and program statements upon which the BOP relied are invalid, this claim must be rejected.

Recently the Supreme Court has held that the BOP's regulations regarding early release criteria under RDAP is a permissible exercise of the BOP's discretion under § 3621(3)(2)(B).  Section 3621(3)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised. Lopez v. Davis, 531 U.S. 230 (2001).  In Lopez, the Supreme Court considered whether the BOP could categorically deny early release to prisoners who completed the RDAP program if their current offense was a felony attended by the carrying, possession, or use of a firearm.  In addressing the issue, the Supreme Court stated; "The BOP need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb." 531 U.S. 230, at 231.  "The statutes restriction of early release eligibility to non-violent offenders does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B).  Id. at 231-232.

Likewise, in Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) the Eleventh

Circuit was confronted with a habeas corpus petition whereby an inmate alleged that the BOP impermissibly exercised its administrative discretion in determining that his offense of being a felon in possession of a firearm was a crime of violence thus, precluding him from a one year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Id. The issue in the case was whether P. S. 5162.02 was valid. The Eleventh Circuit extensively dealt with the issue of the BOP's authority to determine what constitutes a "crime of violence," and determined the BOP's interpretation of
§ 3621(e)(2)(B) was reasonable.

Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. As 18 U.S.C. § 3621(e)(2)(B) states. And that decision is not subject to judicial review. See 18 U.S.C. 3625; Wiley 208 F.3d at 1319 (citations omitted); Ward v. Booker, 202 F.3d 1249, 1254 n. 5 (10th Cir. 2000); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) (stating that "it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rule making decisions"). As the Fourth Circuit explained such expansive discretion is necessary under § 3621(e)(2)(B) is necessary to permit the BOP to balance the dual objectives expressed in the statute: encouraging prisoners to complete substance abuse treatment programs and preventing the early release of potentially violent felons. See Wiley, 208 F.3d at 1319; citing Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999).

### D)   *Neither 18 U.S.C. § 3621(e)(2)(B) Nor The Due Process Clause Creates A Liberty Interest In Early Release*

If the petitioner also alleges he has been denied due process because he has a liberty interest in early release, this argument must fail.  Federal courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection.  See, Wiley, 208 F.3d at 1322 - 23 (holding that 18 U.S.C. § 3621(e) creates no constitutionally protected liberty interest and concluding that the BOP's refusal to consider petitioner for a sentence reduction did not violate his due process rights); Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998) (finding that the BOP has discretion to deny sentence reductions even to those inmates who successfully complete a treatment program); Fristoe v. Thompson, 144 F.3d 627, 620 (9th Cir. 1998).

### X.  Conclusion

For the reasons indicated above, this petition should be denied.

Respectfully submitted this 17th day of January, 2006.

>                    LEURA G. CANARY
>                    United States Attorney
>
>              By: s/R. Randolph Neeley
>                    R. RANDOLPH NEELEY
>                    Assistant United States Attorney
>                    Bar Number: 9083-E56R
>                    Attorney for Defendant
>                    Post Office Box 197
>                    Montgomery, AL  36101-0197
>                    Telephone No.: (334) 223-7280
>                    Facsimile No.: (334) 223-7418
>                    **E-mail: rand.neeley@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Anthony Norelli
>Reg No. 74895-004
>Federal Prison Camp Montgomery
>Mobile Unit - C Wing
>Maxwell Air Force Base
>Montgomery, AL 36112

>s/R. Randolph Neeley
>Assistant United States Attorney