Attachment 2

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                                 Page 1 of 6

# United States District Court
## Southern District of Florida
### FT. PIERCE DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY NORELLI,

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 02-14014-CR-GRAHAM(s)(s)

Counsel For Defendant: Michael K. Spotts, Esq.
Counsel For The United States: Mark D. Johnson, AUSA
Court Reporter: Barbara Medina



RECEIVED UNITED STATES MARSHAL
2002 DEC -6 AM 10: 43
SOUTHERN DISTRICT OF FLORIDA MIAMI OFFICE

FILED by ___ D.C.
DEC - 5 2002
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**Date of Original Judgment:**
(or Date of Last Amended Judgment) November 14, 2002

**Reason for Amendment:**

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b) 35(b)).
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255
   ☐ 18 U.S.C. § 3559(c)(7), or
☐ Modification of Restitution Order (18 U.S.C. § 3664)

The defendant pleaded guilty to Counts Two, Four, Five and Six of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §844(I) | Attempting to Destroy by Fire and Explosive Materials a Building used in Interstate and Foreign Commerce | June 8, 2000 | 2 |
| 26 U.S.C. § 7206(1) | False Tax Return | April 23, 1996 | 4 |
| 26 U.S.C. § 7206(1) | False Tax Return | April 23, 1996 | 5 |
| 26 U.S.C. § 7206(1) | False Tax Return | April 23, 1996 | 6 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One and Three are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ___
Defendant's Date of Birth: January 14, 1967
Deft's U.S. Marshal No.: 74895-004

Defendant's Mailing Address:
Miami Federal Detention Center
Miami, Florida 33132

Date of Imposition of Sentence:
November 4, 2002

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By ___ Deputy Clerk
Date 12/5/02

DONALD L. GRAHAM
United States District Judge
December 4, 2002

Post-It® Fax Note  7671  Date 12/21/05  # of pages 6
To  Terry Collins   From  V. Brown

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case  Page 2 of 6

DEFENDANT: ANTHONY NORELLI
CASE NUMBER: 02-14014-CR-GRAHAM(s)(s)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **60 Months** as to Counts Two, and (36) months as to Counts Four, Five and Six of the Indictment to run concurrent. The defendant shall receive credit for time as applicable by statute. The defendant shall participate in the Shock Incarceration Program (Boot Camp) once he becomes eligible.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant shall be designated to a facility close to his home of record consistent with his security rating. Additionally, the Court recommends that the defendant participate in the 500 Hour Intensive Drug Treatment Program administered by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on __12-17-02__ to __BOP FCI Miami__

at __Miami FL__, with a certified copy of this judgment.

Ed Gonzalez, Warden
~~UNITED STATES MARSHAL~~

By: Tina Nolan, Lt.
~~Deputy U.S. Marshal~~

Case 2:05-cv-01109-MEF-SRW   Document 9-5   Filed 01/17/2006   Page 4 of 7
12/21/2005 17:50   3342934326   PPO-MONTGOMERY   PAGE 03/06

USDC FLSD 245B (Rev. 3/01) - Judgment in a Cr Case

Page 3 of 6

DEFENDANT: ANTHONY NORELLI
CASE NUMBER: 02-14014-CR-GRAHAM(s)(s)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) year** concurrent term as to Counts Two, Four, Five and Six of the Superseding Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ANTHONY NORELLI
CASE NUMBER: 02-14014-CR-GRAHAM(s)(s)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall not apply for, solicit, or incur, any further debt, included but not limited to, loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the U.S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall cooperate fully with the Internal Revenue Service in determining and paying any tax liabilities. The defendant shall provide to the Internal Revenue Service all requested documents and information for purposes of any civil audits, examinations, collections, or other proceedings. It is further ordered that the defendant file accurate income tax returns and pay all taxes, interest, and penalties due and owing by him to the Internal Revenue Service.

DEFENDANT: ANTHONY NORELLI
CASE NUMBER: 02-14014-CR-GRAHAM(s)(s)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 | | $67,743.43 |

The defendant shall pay restitution during his period of incarceration, payments shall be made as follows:
If the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned. If the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward his financial obligations imposed in this order. These payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 2:05-cv-01109-MEF-SRW   Document 9-5   Filed 01/17/2006   Page 7 of 7
12/21/2005 17:50  3342934326        FPC MONTGOMERY                PAGE 06/06

USDC FLSD 245R (Rev. 3/01) - Judgment in a C    Case                                    Page 6 of 6

DEFENDANT: ANTHONY NORELLI
CASE NUMBER: 02-14014-CR-GRAHAM(s)(s)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$400.00** shall be due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment and restitution is payable immediately to the U.S. COURTS and is to be addressed to:**

    U.S. CLERK'S OFFICE
    ATTN: FINANCIAL SECTION
    301 N. MIAMI AVENUE, ROOM 150
    MIAMI, FLORIDA 33128

**The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.